UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Robert Lee Nealy**, #90484-020, ) | C/A No. 8:05-2933-RBH-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| United States of America; and ) | |
| John J. LaManna, Warden at FCI-Edgefield, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner is currently incarcerated at FCI-Edgefield in Edgefield, South Carolina, serving a 160-month sentence entered in 2001 by the United States District Court for the Middle District of Georgia. The sentence was entered following Petitioner's guilty plea to two counts of drug and firearms crimes. Petitioner's initial § 2255 motion was denied by the sentencing court in July 2004. An appeal from this denial was treated as a motion for a certificate of appealability and denied by the Eleventh Circuit Court of Appeals in December 2004. *See* St. Louis Baptist Temple, Inc. v. FDIC., 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); United States ex rel. Geisler v. Walters, 510 F.2d 887 (3rd Cir. 1975)(same); Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1963)(same).

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

In the Petition filed in this case, Petitioner raises five points which he claims require this Court to vacate his conviction and sentence. Among his points are three separate claims that the indictment under which he pled guilty was improperly written and failed to adequately charge the crimes for which he was convicted, that his double jeopardy rights were violated by his conviction on count one because he had allegedly already been convicted of the same crime in state court, that because he had already been convicted in state court, he is "actually innocent" of the federal crimes to which he pled, and that his federal sentence is void because he was temporarily put into a federal institution after his sentencing but before he finished serving his complete state sentence, then transferred back to the state prison, and then returned to federal prison after the completion of the state sentence (the "void sentence" point). Although his void sentence point appears based on actions taken by federal officials somehow connected with the Federal Bureau of Prisons (BOP), Petitioner indicates in his answers to the Court's Special Interrogatories, Entry 5, that he has not presented this claim to BOP officials through the BOP administrative remedy process. Furthermore, Petitioner acknowledges in his Answers to the Court's Special Interrogatories that he did not seek permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion with the sentencing court in order to raise the points made in his Petition in this case. He does not provide any explanation of why he did not seek permission to file a second § 2255 motion.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).
However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claims are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. Regardless of attempts to couch his assertions about his guilty plea and sentence as "jurisdictional" or to claim "actual innocence," it is clear that Petitioner's claims all, with the possible exception of the void sentence point, go directly to the underlying validity of his conviction and sentence, not to the manner of execution of the

sentence.[2]  As such, his claims in this case are the types of claims that must be raised only in § 2255 motions unless the § 2255 savings clause is satisfied by a clear showing that the § 2255 was somehow inadequate or ineffective in his case.  Petitioner does not appear to claim that this case should be considered under the § 2255 savings clause.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).  In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners.  Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention.  *See* In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case.  For example, it has been found available in  actions challenging the administration of parole, *see* Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see* McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see* United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence.  *See* Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991).  Essentially, § 2241 is an appropriate basis for a habeas

---

[2]This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction , district courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction."  *See* Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35  (E.D. N.C. 1992); *see also* Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See* Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).[3] According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).  A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a vlid sentence, or confinement beyond its term.  *See* Atehortua v. Kindt, 951 F.2d at 129-30.

In this case, as stated above, it does not appear that Petitioner has availed himself of the opportunity to request permission from the Eleventh Circuit to file a second § 2255 motion in order to raise the challenges to the validity of his conviction and sentence that he makes in this Court. *See* 28 U.S.C. § 2244.  Section 2255, coupled with 28 U.S.C. § 2244, provides a mechanism under which a prisoner who has previously filed an unsuccessful § 2255 motion may, under specific circumstances, later obtain permission to file a second § 2255 from the Court of Appeals for the circuit in which the sentencing court sits.[4]   In this case, even had he

---

[3] Very liberally construed, Petitioner's fifth point about the manner in which he was transferred from federal to state prison and then back to federal prison could be considered a claim about the manner of execution of his sentence, thus cognizable under § 2241 if his administrative remedies had been exhausted.  It is well-settled that a petitioner (whether a state prisoner or federal prisoner) filing section 2241 petition must first exhaust his or her available BOP remedies. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241).  It could also be construed as an attack on the underlying validity of the federal sentence and thus only cognizable under § 2255 in absence of the availability of the § 2255 savings clause.

[4] 28 U.S.C. § 2255 in pertinent part provides:

> A second or successive motion must be certified *as provided in section 2244* by a panel of
> the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

5

attempted to do so, Petitioner could not, in good faith, claim that the § 2255 is "inadequate or ineffective" because he has failed to even attempt to pursue his current claims in the more appropriate court to consider them (the Middle District of Georgia) through available procedural channels. This Court cannot overrule the Middle District of Georgia or the Eleventh Circuit, and Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered in the proper forum indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the AEDPA.

Moreover, Petitioner's claim that he is "actually innocent" of the charges for which he was convicted and sentenced does not require this Court to consider the merits of his Petition. His "actual innocence" claim is, essentially, a re-wording of his double jeopardy claim, and it is facially inadequate to require this Court's consideration. Cognizable claims of "actual

---

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.
(emphasis added)

28 U.S.C.A. § 2244(3)-(4), in turn, provides:

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).  Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and an initial § 2255 motion is also unsuccessful, but where the petitioner wishes to file a second or successive pleading to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies.  In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice.  Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir. 1997).  Petitioner's case does not fall with the narrow class.

Although he re-states his assertions about the applicability of the double jeopardy clause to his case, Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge to which he pled guilty.  *See* Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); Thompson v. United States, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw) (bare allegations of actual  innocence as to the charge to which the Petitioner pleaded guilty are not

7

facially adequate to invoke exceptional review of a conviction under § 2241). In sum, nothing in this case presents more than an unsupported allegation of "actual innocence " (basically a sufficiency of the evidence argument in disguise), which requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." United States v. Lurie, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

Finally, to the extent that Petitioner's final point could be considered a proper subject for a § 2241 petition, *see* supra note 4, it is clear that the point has not been properly exhausted. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); Moore v. De Young, 515 F.2d 437,442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). As stated above, Petitioner acknowledges that he has not exhausted his BOP administrative remedies with regard to his claim of a voided sentence. *See* 28 C.F.R. § § 542.10-.16; *see also* Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. *See* C.F.R. § 542.10, et. seq. If the petitioner is not satisfied with the response he receives to his administrative claims locally, then he/she must present his claims to the Regional Director of the Federal Bureau of Prisons AND to the Office of General Counsel for rulings before he can be considered to have fully exhausted his claim. 28 C.F.R. § 542.15. To

the extent that his fifth point is considered an attack on the manner of execution of his federal sentence, it is clear that Petitioner has not established that he has exhausted his administrative remedies and, thus, this claim must be dismissed pursuant to 28 U.S.C. 1915(d).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  Petitioner's attention is directed to the important notice on the next page.

                                         Respectfully submitted,

                                         S/Bruce H. Hendricks
                                         United States Magistrate Judge

December 28 , 2005
Greenville, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603