UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Lee Nealy, | ) | C/A No. 8:05-2933-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| United States of America; and John J. Lamanna, Warden at FCI-Edgefield, | ) ) | |
| | ) | |
| Respondents. | ) ) | |

Petitioner, a federal inmate at FCI-Edgefield, proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2241. Petitioner filed his petition on October 20, 2005. Petitioner is serving a 160- month sentence on drug and firearm convictions that was entered by the United States District Court for the Middle District of Georgia. Petitioner pleaded guilty to the offenses in July of 2001, and the convictions became final on October 23, 2001. No appeal was taken from the guilty plea or sentence; nor were any post conviction proceedings filed. Much later, the petitioner filed a habeas petition pursuant to 28 U.S.C. § 1651(a), the All Writs Act, and alternatively pursuant to Fed. R. Civ. P. 60(b). The District Judge construed the petition as a § 2255 petition and denied it as untimely. Petitioner filed a notice of appeal to the Eleventh Circuit, which was construed as a motion for certificate of appealability. The Eleventh Circuit ruled that the habeas petition was properly construed as a § 2255 motion but denied the certificate of appealability on the basis that the petition was filed more than two years after the conviction became final; petitioner did not contend he was entitled to equitable tolling; and he did not demonstrate his actual innocence. Petitioner did not request permission from the

1

Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court.[1]

Petitioner has now filed this action under § 2241, contending that his conviction and sentence should be vacated on the basis of a defective indictment, double jeopardy[2], and actual innocence. The actual innocence claim relates to his contentions regarding double jeopardy and defective indictment. He also asserts that his federal sentence is void due to the fact he was transferred into federal custody from the state of Georgia under the Interstate Agreement on Detainers and, instead of being returned to Georgia to complete his state sentence, he was required to begin serving his federal sentence and shortly thereafter returned to Georgia.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate Bruce H. Hendricks filed December 28, 2005. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. §

---

[1] Under AEDPA, permission of the appropriate circuit court of appeals must be obtained before filing a second or successive § 2255 motion. Such permission may be granted only if the claim presents newly discovered evidence or a new rule of constitutional law that applies to the case was made retroactive. 28 U.S.C. § 2255.

[2] Petitioner asserts that he was subjected to double jeopardy when he was prosecuted in federal court for possession with intent to distribute cocaine, when he had already pleaded guilty in state court for the same offense. Nevertheless, it is well established that a federal prosecution may follow a state prosecution for the same acts without violating the Double Jeopardy Clause. *See* Romualdo P. Eclavea, Annotation, *Acquittal or Conviction in State Court as Bar to Federal Prosecution Based on Same Act or Transaction.* 18 A.L.R. Fed. 393 (1974).

2

636(b)(1),

Based on her review of the record, the Magistrate Judge concluded that the Petitioner's § 2241 action should be dismissed without prejudice because petitioner's claims of faulty indictment, double jeopardy, and the related claims of actual innocence all go to the underlying validity of the conviction and sentence rather than to the execution of the sentence and are thus cognizable under § 2255. Further, the Magistrate Judge found that the petitioner has not adequately shown that the § 2255 remedy is ineffective or inadequate to address the "actual innocence" claim he seeks to raise. Finally, the Magistrate Judge concluded that the petitioner has not exhausted his administrative remedies as to the void sentence claim. As such, the Magistrate Judge recommended that the petition be dismissed without prejudice and without requiring the respondents to file a return.

The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Petitioner timely filed objections to the Report and Recommendation on January 11, 2006.

The Magistrate Judge recommended dismissal pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("ADEPA"). Section 1915A(a) provides a screening procedure as described as follows:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity.

28 U.S.C. § 1915A(a). The court is to dismiss a complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A federal prisoner may file a petition under § 2241 only where a motion under § 2255 is

"inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. *See also United States v. Pregent*, 190 F.3d 279, 284 n.6 (4th Cir. 1999). As discussed below, the petitioner has failed to show that a § 2255 motion on the issues presented would be "inadequate or ineffective." Likewise, the allegations of faulty indictment and double jeopardy all occurred prior to petitioner's conviction. The Fourth Circuit has previously held that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or . . . is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1992, 1994 n.5 (4th Cir. 1997). It is well settled in this Circuit that the possibility that a § 2255 petition filed by a petitioner in the District Court might be untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

Petitioner asserts in his objections that AEDPA does not apply to a Section 2241 writ of habeas corpus, citing *INS v. St. Cyr*, 533 U.S. 289, 314 (2001). Petitioner's argument that *St. Cyr* somehow requires this Court to entertain a Section 2241 case in spite of the fact that he has already unsuccessfully pursued a § 2255 case and has not requested permission to file a successive § 2255 motion lacks merit. *St. Cyr* was a habeas case brought by a permanent resident alien seeking review of a decision by the Board of Immigration Appeals that he should be removed from the country due to his guilty plea. The Supreme Court held that AEDPA did not deprive the Court of jurisdiction to review the habeas petition and that portions of AEDPA and another federal law which had repealed discretionary relief from deportation did not apply retroactively to the petitioner who pleaded guilty prior to the enactment of the statutes.

Petitioner also contends that, to adopt the Magistrate Judge's Report would constitute a denial of his due process right to be heard and equal protection of the law. However, petitioner has already

been heard on his arguments herein through his prior action under § 2255. Refusing to allow him to proceed also under § 2241 does not deny him due process or equal protection.

Petitioner asserts in his objections that § 2241 "requires nothing more than that the court issuing the writ have jurisdiction over the custodian" and relies upon *Braden v. Kentucky*, 410 U.S. 484 (1973). Petitioner misunderstands the *Braden* case. The petitioner in *Braden* was serving a sentence in Alabama. He brought a habeas action under 28 U.S.C. § 2241, asserting his right to a speedy trial on a Kentucky criminal matter which had been pending for three years. The issue before the Court was whether the District Court of Kentucky had jurisdiction over the matter since the petitioner was not physically present in Kentucky and Section 2241(a) provided that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The Court held the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id*. at 494-495. Therefore, the action was properly brought in Kentucky District Court. Petitioner's argument that *Braden* somehow requires this Court to entertain a Section 2241 case in spite of the fact that he has already unsuccessfully pursued a § 2255 case and has not requested permission to file a successive § 2255 motion lacks merit.

In the case at bar, the petitioner has already filed an unsuccessful § 2255 action, and the Eleventh Circuit Court of Appeals refused to issue a certificate of appealability. Additionally, he has not even requested permission to file a successive § 2255 motion. Moreover, he has made no showing that a § 2255 action would be inadequate. Therefore, he cannot bring an action under § 2241 to challenge the indictment or to raise his double jeopardy argument.

Additionally, he asserts that he is actually innocent of the offenses and thus should be allowed

to pursue a § 2241 action. This Court agrees with the analysis of this issue by the Magistrate Judge and finds that the petitioner's bare allegations of actual innocence, particularly since they merely rehash his arguments regarding the indictment and double jeopardy, are not sufficient to invoke exceptional review of a conviction under § 2241.

Finally, the petitioner contends that the Magistrate Judge should not have dismissed his claim regarding his allegedly void sentence on the basis of failure to exhaust administrative remedies because there is no requirement of filing a complaint with the BOP before filing a § 2241 case for violation of Article V of the Interstate Agreement on Detainers Act. This argument lacks merit. It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241. *See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *See also*, *U.S. v. Strickland*, 2004 WL 3414644 (E.D.N.C. 2004) ["Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16(1997) (and not pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review. . . The judicially created administrative remedy exhaustion requirement, unlike a PLRA-imposed exhaustion requirement, permits waiver of further exhaustion in the face of futility."] Therefore, since the petitioner admits that he has not sought to remedy his situation within the BOP, his claim alleging a "void" sentence is dismissed without prejudice. Moreover, even if the Court were to find that proceeding within the BOP would be futile as to this claim, the petitioner cites no authority other than general provisions of the Detainer Act in support of his position that the failure of the federal authorities to return him to the state of Georgia immediately after completion of the handling of his federal charges made his federal sentence somehow void and the Court refuses to so find.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The

court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the case is **DISMISSED** *without prejudice* and without requiring the respondents to file a return.

    **IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

April 30, 2007
Florence, South Carolina